**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SHANTA HERRING,

    Plaintiff,

v.                                        Case No. 3:25-cv-581-MMH-LLL

SEAN YELM and MCGUIRE
MOVING & STORAGE, INC.,

    Defendants.
_____/

**ORDER**

    **THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28

U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On May 27, 2025, Defendants, Sean Yelm and McGuire Moving and Storage, Inc., filed a Notice of Removal (Doc. 1; Notice), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Notice ¶ 6. In the Notice, Defendants assert that Plaintiff, Shanta Herring, is "a citizen of Columbia County, Florida," but to support this, Defendants point only to the police report listing her address in Florida and the fact that she has a Florida driver's license. Id. ¶¶ 4, 8; see also Exhibits (Doc. 1-4 at 1–4; Police Report).[1] Defendants likewise assert that Yelm is a citizen of Illinois and support this contention with allegations that both his driver's license and a traffic ticket he received list an Illinois address. Id. ¶ 10, 11.

The information Defendants provide as to Herring and Yelm's citizenships shows nothing more than addresses for these individuals and thus, Defendants fail to allege their citizenships. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged … to establish diversity for a natural person."); see also Miss.

---

[1] In a separate Order, the Court will strike the Police Report and direct the Clerk of the Court to remove it from the docket because Defendants failed to properly redact it. Defendants will be given leave to file a properly redacted version of the Police Report. Although the Police Report will be removed from the docket, the Court cites to the document and page numbers on the docket as Defendants originally filed it.

Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'" (citation omitted)).[2]

The Court also finds that Defendants' allegations as to the amount in controversy are insufficient. When a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28

---

[2] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit decisions issued in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

3

U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319–20. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id.[3]

Here, Defendants fail to present a "plausible allegation" of the amount in controversy. In support of their contention that the amount in controversy exceeds $75,000, Defendants provide Herring's proposals for settlement, in

---

[3] The Court notes that Dart, Dudley and Pretka all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. §§ 1447(d), 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Id. at 756, 756 n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

which Herring, "pursuant to Florida Rule of Civil Procedure 1.442, or in the alternative, if applicable, Florida Statute §768.79," proposed settling her claims against Defendants for $250,000 each. See Notice ¶ 18; Plaintiff Shanta Herring's Proposal for Settlement to Defendant, Sean Yelm (Doc. 1-4 at 7–8); Plaintiff Shanta Herring's Proposal for Settlement to Defendant, McGuire Moving & Storage, Inc. (Doc. 1-4 at 9–10). "[A]lthough there may be some merit" to the proposition that a proposal for settlement "pursuant to Florida Statutes section 768.79 is entitled to more weight than a pre-suit demand," such an offer, standing alone, "is not enough to satisfy [a] [d]efendant's burden" of establishing the amount in controversy. See Brooks v. Sears, Roebuck & Co., No. 6:18-cv-554-Orl-37DCI, 2018 WL 3761045, at *3 (M.D. Fla. July 2, 2018) (recommending that the case be remanded to state court, despite an offer for judgment which exceeded the jurisdictional threshold, where the defendant "provided the [c]ourt with no information whatsoever regarding the nature or severity of [p]laintiff's injuries" to indicate whether the offer was "a reasonable assessment of the value of [p]laintiff's claim"), report and recommendation adopted, 2018 WL 3545421 (July 24, 2018).[4] And when a settlement offer "reflect[s] puffing and posturing" it "is entitled to little weight in measuring the preponderance of the evidence." Jackson v. Select Portfolio Servicing, Inc., 651

---

[4] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

F. Supp. 2d 1279, 1281 (S.D. Ala. 2009); see also Alilin v. State Farm Mut. Auto. Ins. Co., No. 6:14-cv-1183-Orl-41DAB, 2014 WL 7734262, at *2 (M.D. Fla. Jan. 30, 2014). Notably, "[s]ettlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight." Alilin, 2014 WL 7734262, at *2 (quoting Jackson, 651 F. Supp. 2d at 1281). Here, Defendants do not provide the Court with any information explaining on what facts, if any, Herring substantiated the sum identified in her Proposals for Settlement. Without more information, the Court cannot discern whether Herring's offers to settle for $250,000 are reasonable assessments of the value of the claims or are more akin to mere "puffing and posturing." The proposals therefore do little to establish that the amount in controversy in this action exceeds the Court's jurisdictional threshold.

Moreover, neither the Notice nor the Complaint (Doc. 4), filed in state court on December 31, 2024, provide the Court with any specific, factual information by which to determine whether Herring's damages plausibly exceed the jurisdictional threshold. In her Complaint, Herring makes only boilerplate allegations of injury similar to those that appear in almost every personal injury complaint. See, e.g., Complaint ¶ 16(A) (alleging that Herring sustained "[s]ignificant and permanent loss of an important bodily function and/or permanent and significant scarring"). But Herring provides no specific

6

information as to the nature and extent of her injuries. See generally id. Notably, in the Police Report, the reporting officer describes the damage to the vehicles as "minor" and the severity of Herring's injury as "none." See Police Report at 1–2. Given this information, the Court can do no more than speculate regarding the nature and severity of Herring's injuries and whether they support claims for damages in excess of $75,000. Thus, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible." Pretka, 608 F.3d at 753–54 (second alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). In light of the vague allegations of damages in the Complaint, and in the absence of any information in the Notice regarding the severity of Herring's injuries, or the cost of her subsequent medical care, the Court is unable to determine whether the amount in controversy requirement is satisfied here. As such, Defendants have failed to provide the Court with sufficient information to determine whether it has jurisdiction over this action.

In light of the foregoing, the Court will direct the parties to file disclosure statements that state their citizenships in conformity with applicable law and will give Defendants an opportunity to provide the Court with additional information as to the amount in controversy and this Court's diversity jurisdiction over the instant action.

7

Accordingly, it is

**ORDERED**:

1. On or before **June 27, 2025**, the parties shall each file the disclosure statement required by Rule 7.1 of the Federal Rules of Civil Procedure and Local Rule 3.03 of the United States District Court, Middle District of Florida. The parties must use the Disclosure Statement Form found on the Court's website [here](#) and complete the Form consistent with the directives of this Order.

2. On or before **June 27, 2025**, Defendants shall provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida on this 6th day of June, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of record

8