UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHANTA HERRING,

    Plaintiff,

v.   Case No. 3:25-cv-581-MMH-LLL

SEAN YELM and MCGUIRE
MOVING & STORAGE, INC.,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court sua sponte. Upon review of Defendants Sean Yelm and McGuire Moving & Storage, Inc.'s Notice of Removal (Doc. 1; Notice), the Court finds that Defendants have failed to properly redact an attached exhibit (Doc. 1-4 at 1–4; Police Report) as required by the Federal Rules of Civil Procedure (Rule(s)) and the Administrative Procedures for Electronic Filing in this Court (CM/ECF Admin. P.). Under Rule 5.2,

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
>    (1) the last four digits of the social-security number and taxpayer-identification number;
>    (2) the year of the individual's birth;
>    (3) the minor's initials; and

(4) the last four digits of the financial-account number.

See Fed. R. Civ. P. 5.2(a); see also CM/ECF Admin. P., Part I. Here, the Police Report includes the full birth dates of two individuals in direct violation of this Rule. See Police Report at 2.

Significantly, this Court's Administrative Procedures make clear that the obligation to properly redact personal identifiers falls entirely on the filing party. See CM/ECF Admin. P., Part I, ¶ 1 ("It is the responsibility of every lawyer and pro se litigant to redact personal identifiers before filing any documents with the court."). Indeed, the Court's Administrative Procedures impose on the filing party the responsibility to verify "that appropriate and effective methods of redaction have been used." Id. Consequently, the Court will strike the Police Report (Doc. 1-4 at 1–4) and direct Defendants to file a properly redacted version of this exhibit. The Court will also direct Defendants' counsel to review Rule 5.2 and Part I of the Court's Administrative Procedures and file a notice on the Court docket certifying that:

1) Counsel has read the relevant rules; and

2) Counsel has ensured that "appropriate and effective methods of redaction" will be used for all future filings.

While the Court recognizes that redaction errors are generally inadvertent, these errors are not without harm and greater care must be taken to protect personal identifying information before it is filed on the docket.

Indeed, in the Court's experience, once a document is filed on the public docket it is almost immediately picked up by legal research services where it may remain available to the public indefinitely. As such, counsel is cautioned that failure to comply with the redaction rules going forward may warrant sanctions.

Accordingly, it is

**ORDERED**:

1. Pages 1–4 of Defendants' Exhibit (Doc. 1-4) are **STRICKEN**, and the Clerk of the Court is directed to **remove** these pages from the Court docket.

2. Defendants shall have up to and including **June 13, 2025**, to file a properly redacted copy of this exhibit.

*(remainder of page intentionally left blank)*

3. On or before **June 13, 2025**, Defendants' counsel shall file a notice on the Court docket certifying that 1) counsel has read Rule 5.2 and Part I of the CM/ECF Administrative Procedures, and 2) counsel has ensured that "appropriate and effective methods of redaction" will be used before all future filings.

**DONE AND ORDERED** in Jacksonville, Florida, on this 6th day of June, 2025.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Counsel of Record